IAN T. WADE, Bar No. 229150
iwade@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, Suite 500
Los Angeles, CA  90097
Telephone: 310.553.0308
Fax No.:    213.652.0608

Attorneys for Defendant
AMERICAN AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD CHUN, an individual,<br><br>   Plaintiff,<br><br> v.<br><br>AMERICAN AIRLINES, INC, a Texas corporation; and DOES 1-10, inclusive,<br><br>   Defendants. | Case No.  2:20-cv-533<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE<br><br>**DEFENDANT AMERICAN AIRLINES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT OF STATE COURT ACTION**<br><br>[28 U.S.C. §§ 1332, 1441, & 1446]<br><br>Trial Date:  N/A<br>**COMPLAINT FILED:  OCT. 7, 2019 (LASC NO. 19STCV35767)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant AMERICAN AIRLINES, INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1441(a) and (b) and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

In support of its Notice of Removal, Defendant states to the Court as follows:

## Jurisdiction

1. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1332, because complete diversity exists among the parties and the matter in controversy exceeds $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

## Timeliness of Removal and General Information

3. On or about October 7, 2019, Plaintiff Arnold Chun ("Chun" or "Plaintiff") filed her Complaint in this case. Defendant was served, by their agent for service of process on October 9, 2019, with a copy of the Complaint entitled <u>Arnold Chun v. American Airlines, Inc. a Texas Corporation, et al.</u>, Case No. 19STCV 35767, in the Superior Court of the State of California, County of Los Angeles ("Complaint"). Copies of the Complaint, the related process served on Defendant, and the orders from the Superior Court, are attached to the Declaration of Ian T. Wade ("Wade Decl.") as Exhibits A and D. Exhibits A and D are the only pleadings and orders received by Defendant in this matter.

4. On November 8, 2019, Defendant filed an Answer (General Denial and Affirmative Defenses) to the Complaint in the Superior Court for the County of Los

Angeles. A conformed copy of Defendant's Answer is attached to Wade Decl. as Exhibit B.

5. On December 20, 2019, Plaintiff served by email a Statement of Damages, setting forth the amount in controversy as being "at least" between $53,175 and $73,175, not including attorneys' fees. A copy of the Statement of Damages is attached is attached to Wade Decl. as Exhibit C.

6. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b)(3), the notice of removal of a civil action must be filed within 30 days after service of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. This Notice of Removal is filed within 30 days of receipt of Plaintiff's Statement of Damages which constitutes "other paper." Moreover, the notice of removal must be filed less than one year after commencement of this action as required under 28 U.S.C. section 1446(c), i.e., before October 7, 2020.

## Bases For $75,000 Amount In Controversy

7. The above-styled suit is a civil action for economic damages, non-economic damages, Statutory penalties, and attorneys' fees, in which Plaintiff alleges violations of the California Labor Code consisting of failure to pay overtime, failure to maintain business records, failure to provide accurate wage statements, failure to pay wages at termination and intentional misclassification.

### *Plaintiff's Statement of Damages*

8. Plaintiff's Complaint does not expressly state the amount of Plaintiff's claims. Nor does the complaint identify the number of hours Plaintiff claims to have worked without compensation or the number of claimed waiting time penalty days he seeks. However, on December 20, 2019, Plaintiff served through electronic mail a Statement of Damages (Exhibit C hereto) setting forth the amount in controversy as being "at least" (1) $53,175, plus additional penalties and Plaintiff's attorneys' fees, or (2) $73,175, plus additional penalties and Plaintiff's attorneys' fees. Thus, Plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park E.
Suite 500
Los Angeles, CA 90067
310.553.0308

total individual damages alone before considering attorneys' fees are, in Plaintiff's words, at least between $53,175 and $73,175.

***Plaintiff's Attorneys' Fees***

9. In addition to the damages set forth in Plaintiff's Statement of Damages, Plaintiff's complaint and Statement of Damages also seeks reasonable attorneys' fees. (*See* Ex. A to Wade Decl., Complaint at Prayer, p. 13:15 ¶H; *see also* Ex. C to Wade Decl., Statement of Damages, p. 2:20 ¶g.) Recoverable attorneys' fees also are included in the amount in controversy calculation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010- (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if she were to prevail in determining whether amount in controversy exceeds $75,000). The Ninth Circuit very recently opined that prospective attorneys' fees must be included in the amount in controversy where such fees are recoverable by statute or contract. *Arias v. Residence Inn by Marriott*, 2019 U.S. App. LEXIS 20928 (9th Cir. 2019).

10. All of the causes of action within Plaintiff's Complaint fall under the California Labor Code and allow for the recovery of Plaintiff's attorneys' fees if Plaintiff prevails. *See, e.g.* LAB CODE §§ 510, 1194, 1198, 1174, 1174.5, 226, 226.3, 200-203, 226.8. While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

11. Further, any estimate of attorney's fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id*. Recently, "Courts have 'held that a reasonable rate for employment cases is $300 per hour' and '100 hours is an appropriate and conservative estimate' of the number of hours expended through trial in an employment action." *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140,

1148, 2018 U.S. Dist. LEXIS 45874, *14, (E.D. Cal. 2018) (*Sasso v. Noble Utah Long Beach, LLC*, Case No. CV 14-09154-AB (AJWx), 2015 U.S. Dist. LEXIS 25921, at *12 (C.D. Cal. 2015) (citations omitted).  Thus, *conservatively*, Plaintiff's demand for attorneys' fees adds at least $30,000 to the amount in controversy.

12.  Consequently, a preponderance of the evidence demonstrates that the amount in controversy "at least" falls somewhere between $83,175 and $103,175, exclusive of interest and costs.  Based upon the foregoing calculations, the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

13.  For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

**Diversity Of Citizenship**

14.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *Murroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court Complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

15.  In this case, Plaintiff alleges that he is and at all times mentioned in the Complaint was a California resident of the County of Los Angeles.  (Ex. A to Wade Decl., Complaint at ¶1.)  Accordingly, Plaintiff is a citizen of the State of California.

16.  For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place

LITTLER MENDELSON, P.C.
2049 Century Park E.
Suite 500
Los Angeles, CA 90067
310.553.0308

of business." 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, i.e., its 'nerve center,' which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 559 U.S. at 78.

17. Defendant was, at the time the action commenced in state court, and still is, a Delaware corporation whose principal place of business is Texas, and is therefore not a citizen of the State of California. Based on the pleadings alone, Plaintiff admits that Defendant is not a California corporation, although he incorrectly identified the state of incorporation. (Ex. A to Wade Decl., Complaint at ¶2.)

18. Defendants designated as Does 1 through 50 are fictitious defendants, are not parties to this action, have not been named or served, and are to be disregarded for the purpose of this removal. 28 U.S.C. § 1441(b); Pursuant to Section 1441, the citizenship of defendants sued under fictitious names should be disregarded for the purpose of determining diversity jurisdiction and only the domicile of the named defendants should be considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). The Doe defendants, therefore, need not consent to this removal.

## Notice To Court And Parties

19. Concurrent with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and Notice of Removal filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

20. WHEREFORE, Defendant prays that this civil action be and is removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court, Central District of California.

| | | |
|---|---|---|
| 1 | Dated: January 17, 2020 | Respectfully submitted, |

        /s/ Ian T. Wade
        IAN T. WADE
        LITTLER MENDELSON, P.C.
        Attorneys for Defendant
        AMERICAN AIRLINES, INC.